IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALVIN WESLEY KING                                                    PLAINTIFF

v.                                     Civil No. 6:20-CV-06132

ARKANSAS DEPARTMENT OF                                         DEFENDANTS
CORRECTIONS, *et. al.*

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court Orders, and failure to prosecute this case.

### I.  BACKGROUND

Plaintiff filed his Complaint on November 13, 2020.  (ECF No. 1).  On December 28, 2020, he filed a Motion to Amend his Complaint, which was denied because he had not attached a copy of his proposed Amended Complaint as required by Local Rule 5.5(e).  (ECF Nos. 10, 11).  The Clerk was directed to send Plaintiff a copy of the Court-approved form to submit his proposed Amended Complaint.  (*Id*.).  Plaintiff did not submit a proposed Amended Complaint.  On February 11, 2021, the Court entered an Order directing him to submit an Amended Complaint, as his original Complaint did not clearly state how and when each named Defendant violated his federal constitutional rights, some sections of the Complaint were not legible, and some of his claims appeared to be frivolous.  (ECF No. 12).  Plaintiff was directed to provide the Amended

Complaint by March 15, 2021, and was advised that failure to provide his Amended Complaint by the deadline would result in the dismissal of his case. Because his original Complaint was 111-pages in length, he was also directed to limit his Amended Complaint to the Court-approved form and no more than five additional pages. (*Id*.).

Plaintiff submitted a 126-page Amended Complaint and a Motion for Counsel on February 19, 2021. (ECF Nos. 13, 14). His Motion for Counsel was denied. (ECF No. 16). Because he failed to obey the Court's Order concerning the length and content of his Complaint, the Court entered an Order directing Plaintiff to submit a Second Amended Complaint on February 22, 2021. (ECF No. 15). Plaintiff was again cautioned that his Second Complaint must be limited to the Court-approved form and no more than five additional pages. Plaintiff was additionally cautioned that he was not to attach any grievances, requests, or other documentation to his Complaint. Instead, those documents were to be submitted when a dispositive motion, such as a motion for summary judgment, is filed. (*Id*.). Plaintiff was again advised that failure to provide his Second Amended Complaint by the deadline would result in the dismissal of his case. (*Id*.).

To date, Plaintiff has not submitted his Second Amended Complaint, and has not otherwise communicated with the Court.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.  ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's Amended Complaint (ECF No. 14) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **8th day of April 2021**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE